The next case scheduled for argument this morning, Wednesday, March 26, 2014, is case number 13-6065, Eric James Borm. CitiMortgage, Inc. v. Eric James Borm. Thank you, General Minister Doobie. Thank you, Your Honors. Kevin Doobie, DOBIE, on behalf of CitiMortgage, Inc. May it please the Court, CitiMortgage, Inc. has brought this appeal to reverse the Bankruptcy Court's decision denying CitiMortgage's motion for relief from the automatic stay under Section 362 D.1 for cause. The Bankruptcy Court held that cause did not exist because there was some equity in the property and because there were payments being made according to a post-petition confirmed plan. And Citi did not contest the equity in the property? That's correct, Your Honor. Your Honor, I believe that under 362 D.1, cause for relief from the stay exists despite there being equity in the property if there's a confirmed plan and there's a post-petition default. And under Reinbold v. Dewey County Bank, the Eighth Circuit has held that a violation of the terms of a plan is cause for relief from the automatic stay. That court cited another case, Wiesler, which I believe, Your Honors, decided that in the face of an argument that there's equity, that the equity analysis is not necessary unless you're looking at adequate protection. In this case, CitiMortgage believes that the Court could reverse reviewing this Court's order, sorry, the Bankruptcy Court's order de novo or under an abuse of discretion. As I said, this is about interpretation of the statute, 362 D.1, and the word cause. And as I've said, this Court has decided several times, or the Eighth Circuit has decided several times, that failure to make payments under a confirmed plan is cause for relief from the automatic stay. The facts in this case are fairly simple. The debtor filed the petition, the debtors filed this petition in 2009. The Court confirmed the plan without any objection from the creditors in September 2009. The plan provided that payments, sorry, that the debtors would make post-petition payments directly to CitiMortgage Inc. outside of the plan. Outside of the plan, I suppose, is a sort of colloquialism, but it really means pursuant to a plan, the debtors make the payments directly to the creditor. So CitiMortgage filed this motion for relief on November 26, 2013, and based its motion on a failure to make 14 post-petition payments pursuant to a confirmed plan. And the Court denied the motion for relief based on some equity in the property, its determination that there was some equity in the property, and that the debtor had made some payments, although at times the Court calls it consistent payments, I would argue that it's not consistent payments, over the past 14 months. The Court went on to say that six or eight failures to make payments in the past six to eight months before a motion for relief, that might be cause for relief, but where there's been payments made during the life of the plan recently, combined with equity, means that there is no cause for relief from the automatic stay. CitiMortgage, of course, disagrees and believes that a failure to make payments pursuant to a plan is cause for relief. And this makes sense because a confirmed plan is binding on all parties. Courts have said that it's res judicata of the issues of adequate protection. It's res judicata of proof of claim. You can't go back and change what is due to the creditor according to the proof of claim. And I think even if this Court reviews for an abuse of discretion, the Court should reverse the Bankruptcy Court because the Court made an erroneous finding of fact in that it found that there was a contradiction between the motion and the affidavit of CitiMortgage. The motion provided that the debtors were . . . That's not an abuse of discretion standard. Isn't that a clearly erroneous standard? Well, Your Honor, I believe the . . . Sorry. You're asking if this case is going to be decided on an abuse of discretion? With respect to the determination of fact as to whether the facts actually complied with the pleading, isn't that a factual determination? Yes, Your Honor. And I believe that the courts have stated that under an abuse of discretion standard, determinations of fact are reviewed on a clearly erroneous standard. That was my only point. I think you're correct. Thank you. The Court did determine that the . . . I believe, although it's not as easy to parse through some of the transcript, I believe that the Court found that there was a contradiction between the motion and . . . The Court was concerned about whether funds were paid and acknowledged by Citi, and Citi had said that they had applied it to the oldest debt due, and the Court was concerned that Citi did not acknowledge that payments were made. I understand what the Court . . . I think I understand, although the counsel for Citi Mortgage repeated several times that the statement was that the payments were due for the months of October 1, 2012, through October 1, 2013. So I think the exchanges demonstrate that although they were sort of talking past each other, the intent and the words in Citi Mortgage's motion were accurate. And I don't think that the fact that there were nine payments made in the past 14 months was relevant in the sense that we're looking at the total delinquency, and the Court did find that there was a delinquency and a failure to make post-petition payments of $11,000. It may not be directly relevant to what we're deciding, but why did Citi wait so long to bring this motion? I mean, this was not a good track record of payments since the plan was confirmed. Why wait so long? Your Honor, I think it was within Citi's discretion to do so. Absolutely. I'm not challenging . . . I'm just asking to scratch my curiosity itch. I suspect it's because of some internal review of its procedures. Citi Mortgage, as you know, as all of the big mortgage lenders have been in the news lately, and I'm sure that they've been reviewing their procedures to make sure everything has been in order. I think there was a moratorium, wasn't there, for a period of time? There have been moratoriums, Your Honor. I'm not sure if that's the case here. Was it paragraph 9 of the motion that was the heart of the bankruptcy court's difficulty? Yes, Your Honor. And that says, as of the date hereof, there are one or more defaults in paying debtors post-petition amounts due with respect to the note. And that's undeniably true, isn't it? I mean, the bankruptcy court even conceded that there were missed payments. That's correct, Your Honor. The bankruptcy court made a finding that at least $11,000 was not paid. That's correct, Your Honors. I think our questions may be better directed to debtors counsel in that regard. With that, Your Honors, I think I'll reserve the rest of my time for rebuttal. I just ask that the court reverse the bankruptcy court's decision. Thank you. Thank you, Mr. Dobie. Mr. Gale? Good morning. Good morning, Your Honors. Stephen Gale for the debtors in this case. I'll be brief. You weren't at the hearing when this happened, and your client apparently did a very good job without you. She did. And so I thank her for that. Well, this is fairly simple. We're dealing with good faith and truthfulness here. And the judge, as you can see from the record below, felt quite strongly about what had been represented. But was that a misrepresentation? The payments were, in fact, due for that 14-month period, were they not? They were. I think what she was trying to say, and I think what apparently got her so exercised here, was that the motion appeared to make representations that the debtors were not making payments. Okay, but wait a minute. She was focusing on paragraph 9. We agree on that, correct? Okay, let me reread paragraph 9 because I want you to tell me how this statement is false. As of the date hereof, there are one or more defaults in paying debtors post-petition amounts due with respect to the note. How is that false? There were one or more defaults. There were many defaults, correct? That's correct. I think what she's focusing on here is not that there's not a default. She's focusing on the language here that seems to suggest that during the period prior to this motion, within that year approximately, that time frame, she's saying that her reading of this is that they're suggesting no payments were made. Okay, show me where in this motion that can be construed because I've read this motion. I'm not following how there is a misrepresentation or a statement that there were no payments made. Right. I think what she's looking at is they failed to pay monthly payments on the indebtedness outside the plan due for the months of October 1st, 2012 to November 1st, 2012. That, I think, is where the confusion is, and the judge was confused about that in my reading of that. Let me ask you this because I think that the construction of the pleading, in my opinion, confuses the 362D1 presentation. Can you debunk one of the three things I'm about to say, that for the 14-month period, only nine payments had been made and, therefore, the balance had not, that 33 out of the 48 payments were made, 15 were not, and $11,000 was acknowledged by the debtor as being in default, and, lastly, the debtor said, I can't afford this. Which one of those is wrong? Because that's the basis of Citi's appeal. It was clearly erroneous. I don't know what the debtor is saying about what she can't afford. I think that's not necessarily true. Well, she said that, didn't she? Whether it's true or not, that's what she said. Right. Well, which is why she needed you there. Because she wouldn't say that. So which one of those statements does not give cause for relief? I think all of them do. I wouldn't disagree with you in that respect. Well, then, why should we pay attention to interpretation of a pleading when cause exists? Because I believe the judge is that this should not be applied in a wooden fashion, that when the judge is presented with some details here that would suggest that the debtor is acting in good faith, yes, there's a default. She's in a reorganization plan. She's doing the best she can. She's making payments. But there were multiple defaults. Unless I've been doing this wrong for about 28 years, isn't that grounds for relief in a Chapter 13 case under D-1? It is. Then why are we appealing? Well, I think the question is, does she have discretion to do what she did here or not? And I think the answer clearly is yes, she does. So what you're saying is she had the discretion to deny the motion, even though cause was shown because of what she perceived was a misrepresentation in the motion. Yes. And if we don't agree that that was a misrepresentation, then that's a problem for you. It is. It is. And if we look at the attachment to the motion, which discloses all the payments, when they were received, and how they were credited, so that there's, I mean, all the information the judge had about when the payments were made came from Citi, correct? Yes. Debtor didn't have a response and say, no, no, we made a payment on this date, and Citi didn't credit us for that. Right. Citi came in and gave the bankruptcy court all the information about when the payments were received and how they were credited, and there was no contrary evidence offered. This is true. So where's the misrepresentation? I'm not seeing it. I mean, why would Citi Bank, quote, unquote, lie to the court and then say, and by the way, here's how we lied, because here's the evidence that shows that we did get payments, and here's how we credited them. I think Judge Sandberg spoke very directly to that and appears to have riled her a bit when she- That may be your biggest understatement this morning. Yeah. When she says that the pleadings were drafted in a way that colored the facts in a way quite detrimental to the debtor here, and that she even went on to say that she felt that that was a pattern that had taken place here and that that was something that should lead to sanctions. So I don't think anybody's, nobody's questioning here that they were struggling. What she's upset about is here's some folks that are in a situation where they're needing some relief. They're doing, they're sending payments that are being received, and then Citi Mortgage comes in and says they're not and they want to kick them out of their house. Okay. So if debtor were to not make three or four payments in a row, and as long as she made a payment, then we can just ignore the three or four payments that she missed, and they can continue to go along and Citi Bank can never get relief from stay? No. As long as they throw a payment in every now and then, because she missed 15 over a four-year period, correct? Right. That's over a year of missed payments. Yeah, I don't think anybody's arguing about that here. If there's a default and evidence is presented in a factually accurate manner- So we're going to punish the movement because they didn't draft their motion quite the same way the bankruptcy judge would have preferred. I think we've punished Mr. Gale enough. He chose to show up today. I'm sure that Judge Sandberg appreciates your championing her cause before us. Thank you, Your Honor. I'll leave it at that. Thank you for your time today. Thank you. Thank you. Mr. Dobie, you're going to show the discretion and not rebut, I take it? I think that's correct. I always thought you were wise. Thank you. Thank you both.